UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
JULIAN DECARIO,                    :
                                   : Civil Action No. 10-2059 (RMB)
           Petitioner,             :
                                   :
       v.                          : **MEMORANDUM OPINION AND ORDER**
                                   :
WARDEN DONNA ZICKEFOOSE,            :
                                   :
           Respondent.             :
_____:

This matter comes before the Court upon submission made by Julian Decario ("Petitioner"), executed pursuant to 28 U.S.C. § 2254, and submitted unaccompanied by either Petitioner's filing fee of $5.00 or by his duly executed in forma pauperis application, and it appearing that:

2.  The Petition asserts that Petitioner's employ (performed in connection with his prison job assignment) was unduly terminated as a result of a sanction imposed upon Petitioner in a manner that Petitioner deems discriminatory. See Docket Entry No. 1, at 2. Petitioner seeks reinstatement to his prior employ. See id. at 3.

2.  Petitioner's allegations do not assert habeas challenges and, hence, cannot be entertained in this matter. The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert

      claims in properly filed civil rights complaint).  Here, it appears self-evident that Petitioner employ has no effect on either the fact of his confinement or the term of his confinement.

3. Unlike habeas actions, civil rights cases require a filing fee, either as a prepayment or a series of installment payments. See 28 U.S.C. § 1915.  The filing fee for a habeas petition is $ 5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See <u>Santana v. United States</u>, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to <u>in forma pauperis</u> habeas corpus petitions and appeals).  In contrast, the filing fee of a civil rights complaint is $ 350.00.  Inmates filing a civil rights complaint who proceed <u>in forma pauperis</u> are required to pay the entire filing fee in monthly installments which are deducted from the prison account.  See 28 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical

injury. See 28 U.S.C. § 1915(g). Because of these differences, the court do not re-characterize, sua sponte, a habeas pleading as a civil rights complaint.

IT IS, therefore, on this **23rd** day of **November 2010**,

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of habeas jurisdiction; and it is further

**ORDERED** that, within thirty days from the date of entry of this Order, Petitioner shall either remit his filing fee of $ 5.00 or file his duly executed application to prosecute this matter in forma pauperis; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with: (a) a blank in forma pauperis form for prisoners seeking habeas relief; (b) a blank in forma pauperis form for prisoners seeking to file a civil complaint; and (a) a blank civil complaint form,[1] and shall close the file on this matter.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[1] The Court expresses no opinion as to substantive validity or invalidity of Petitioner's civil rights challenges.